MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758
    Facsimile: (415) 436-6753
    E-Mail: owen.martikan@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No: CR 11-0852 RS |
| v. | THE UNITED STATES' SENTENCING MEMORANDUM |
| ANTHONY JOSEF NORRIS, | Hearing: March 27, 2012<br>Time: 2:30 pm |
| Defendant. | Court: Courtroom 3, 17th Floor |

**INTRODUCTION**

    Defendant Anthony Norris comes before the Court to be sentenced following his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Norris was convicted based on his guilty plea pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). The parties and the Probation Office has calculated a Total Offense Level of 30, and a Criminal History Category of I, yielding a sentencing guidelines range of 97-121 months. The parties have agreed to a sentencing range of 72-97 months, a five-year supervised release term, and $6,500 in restitution.

The Probation Office recommends a sentence of 85 months imprisonment, in the middle of the parties' agreed range. The United States recommends a sentence of 97 months imprisonment, which is at the low end of the Sentencing Guidelines range, but at the high end of the sentencing range that the parties have agreed upon in their plea agreement.

## STATEMENT OF FACTS

Defendant Anthony Norris came to the FBI's attention in July 2010, when an FBI agent working from Minneapolis, Minnesota in an undercover capacity logged into a Usenet newsgroup that he knew was popular among traders in child pornography. He located a posting by a user with the nickname "Spanky" that included five video files depicting child pornography. All of the videos showed minors engaging in sexually explicit conduct. One video shows a prepubescent boy, naked and tied to a chair, being forced to fellate an adult man. Following the posting were several posts by other users commenting on the videos.

The FBI tracked the posting by "Spanky" to a computer at Norris' home address in San Francisco, based on information provided by the newsgroup host (located in Austin, Texas) and the internet service provider associated with Spanky's IP address. The FBI executed a search warrant at Norris' home on April 26, 2011. Norris was at home with his wife and young son when the warrant was executed. The FBI seized a single computer that Norris identified as his, and three DVDs. Norris was interviewed during the search, and admitted to FBI agents that he collected child pornography, and that agents would find child pornography on his computer.

A forensic analysis of Norris' computer revealed over 7,000 child pornography images and videos. The National Center for Missing and Exploited Children identified known victims in over 200 of the files submitted for identification. The images found on Norris' computer include depictions of very young children, even babies, being forced to engage in oral, vaginal, and anal intercourse with adults.

Norris was the founder and executive director of Kidserve Youth Murals, an organization that encouraged pre-pubescent through high-school aged children to work on tile murals to decorate schools and other buildings throughout the San Francisco Bay Area. Norris founded Kidserve in 1999 and led it until his arrest in 2011. After his arrest, the FBI learned that Norris

had hidden pornographic tiles – including tiles manufactured to include photographs of child pornography – in some of these murals. The San Francisco Unified School District removed 25 pornographic tiles from murals on a wall at the San Miguel Child Development Center, and at Visitacion Valley Middle School.

Norris was arrested on a complaint charging possession of child pornography on June 2, 2011. He is currently released on bond.

## SENTENCING RECOMMENDATION

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245 (2005), this Court may consider any of the sentencing factors set forth in 18 U.S.C. § 3553(a) when imposing sentence, irrespective of the sentencing guidelines calculation applicable to the offense of conviction. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). These sentencing factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

I.  THE GUIDELINES CALCULATION.

At the beginning of the sentencing process, the Court must properly calculate the sentencing guidelines range, based on the defendant's Criminal History Category and the guidelines applicable to the defendant's particular offense. The parties and Probation agree that the appropriate Criminal History Category is I, and that the appropriate offense level is 30, yielding a sentencing guidelines range of 97-121 months.

II.  APPLICATION OF THE STATUTORY SENTENCING FACTORS.

The statutory sentencing factors support a low-end 97-month sentence in this case. Two factors in particular – the nature of the offense and the need to protect the public – predominate and suggest that a low-end guideline sentence is necessary.

The offense in this case is noteworthy because not only did Norris accumulate a remarkably large child pornography collection of over 7,000 images and videos, but also because he took affirmative steps to distribute the child pornography to others by posting it to usenet

bulletin boards. It is bad enough to accumulate images and videos showing the sexual abuse, and even sexual torture, of young children for one's own sexual gratification, but to share those images and videos with people all over the world by posting them to an online bulletin board needlessly compounds the harm to the child victims who were subjected to this abuse.

Norris has a son who is the same age as some of the prepubescent boys who are tied up and sexually abused in his video collection. The fact that Norris cannot make the connection between his feelings for his own son and his complete disregard for the harm he is causing to other children of the same age – and even younger ages – shows a callousness and disregard for his victims that should be seen as an aggravating factor at sentencing.

The need to protect the public from Norris also weighs in favor of a low-end guideline sentence in this case. In the government's view, it is no coincidence that Norris started and ran an organization that would keep him in constant contact with young children. Norris is sexually attracted to young children, and he wanted to be near young children because of that attraction. Indeed, Norris perverted the innocence of artwork made by children to decorate the walls of a kindergarten and a middle school by seeding it with images of hard-core child and adult pornography. This was a significant step for Norris toward mingling his private interest in child pornography with his public interest in children, and the government believes that it was a prelude to future attempts to expose children to pornography, or perhaps to make sexual contact with them.

## CONCLUSION

The United States recommends imposition of a 97-month sentence, followed by five years on supervised release and a restitution payment of $6,500 to the minor victims in this case.

DATED: March 20, 2012                    Respectfully submitted,

                                  MELINDA HAAG
                                  United States Attorney


                                  _____/s/_____
                                  OWEN P. MARTIKAN
                                  Assistant United States Attorney